# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID E. FLOWERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   NO. CIV-22-0850-HE |
| | ) |
| CARRIE BRIDGES, | ) |
| | ) |
| Respondent. | ) |

# **ORDER**

Petitioner David E. Flowers, a state prisoner appearing *pro se*, filed this case seeking habeas relief under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C), the matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings. Upon initial review of the petition, Judge Purcell issued a Report and Recommendation recommending that the petition be dismissed as a second or successive habeas petition filed without authorization from the Tenth Circuit Court of Appeals. Petitioner has objected to the Report, triggering *de novo* review of matters to which objection has been made.

Petitioner alleges that, despite multiple attempts to obtain DNA testing results over the years, it was not until 2021 that he obtained the results which contradicted testimony at his trial. He argues that the State deliberately withheld this information from him. For this reason, petitioner contends that his petition should not be considered a second or successive habeas petition, citing Douglas v. Workman, 560 F.3d 1156 (10th Cir. 2009). However, Douglas does not authorize an alternate pathway around the limitation on second and successive petitions merely by reason of petitioner alleging prosecutorial misconduct or

other similar claims. Rather, Douglas involved a relatively unique set of procedural circumstances, including a then-pending petition before the Court of Appeals, which led the Court to conclude "that under the unique circumstances of this case as we now know them, it is more appropriate to treat Mr. Douglas's Brady claim as a supplement to the prosecutorial misconduct claims he alleged in his initial petition. As such, he need not satisfy 28 U.S.C. § 2244(b)(2)(B)'s requirements for pursuing a second or successive habeas petition before he can obtain habeas relief." Id. at 1187. Here, the circumstances are different, and petitioner's claim is not plausibly viewed as a supplement to a claim in an existing habeas petition.

The court concludes the petition is a second or successive habeas petition. Thus, the court must determine whether to dismiss the petition for lack of jurisdiction or transfer it to the Tenth Circuit Court of Appeals. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The court concludes that it is in the interest of justice to transfer petitioner's petition to the Tenth Circuit Court of Appeals. The Report and Recommendation [Doc. #6] is therefore **ADOPTED** insofar as it concludes the petition is second and successive. Petitioner's habeas petition **TRANSFERRED** to the United States Court of Appeals for the Tenth Circuit for a determination as to whether it is authorized. 28 U.S.C. § 2244(b)(3).

**IT IS SO ORDERED**.

Dated this 12th day of December, 2022.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE